## STRAWBRIDGE *vs.* TURNER ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where the owners of a steam-boat suffered a slave to be employed as a
hand on board, by the captain, without the authority and consent of his
owner, and he was accidentally drowned: *Held,* that the owners of the
boat were responsible, and liable to pay his value, because by using due
diligence they might have prevented the illegal employment of the slave,
but did not.

This is an action by the plaintiff to recover from the
defendants, owners of the steam-boat Chesapeake, the value
of a slave alleged to have been illegally employed by the
captain of the boat, as a hand, without the authority or consent
of the plaintiff, and while in this service, was drowned.

This cause has once before been in this court. See 8,
*Louisiana Reports,* 537. On its return to the Parish Court,
the plaintiff had leave to amend his petition, by adding to his
former allegation the further one, "which act of the said
master, the said owners might have prevented, by using due
diligence."

The cause was again submitted to a jury who returned a
verdict of seven hundred dollars for the plaintiff. From
judgment rendered thereon, the defendants appealed.

*Strawbridge,* in *propriâ personâ.*

*Preston,* for the defendants.

1. This case presents *purely a question of law.* The facts
proved by the plaintiff and defendants are substantially the
same. Indeed, I will suppose the plaintiff to have proved
precisely what he alleges in his petition, "that Wright" (the
master) "received on board said boat a slave named Stephen,

the property of your petitioner, and continued to employ him as a hand on board said boat to Alexandria and elsewhere," (that is back) "without the knowledge or permission of petitioner, which *acts of said master* the said owners might have prevented by using due diligence."

2. To render the defendants liable on the allegation in the petition, the loss must be caused by their act, or occasioned by their negligence, imprudence, or want of skill. *Louisiana Code,* 2294, 2295. The damage must be immediately caused by the act, &c. itself. 11 *Toullier No.* 117.

3. It is alleged further, in the petition, that "when the plaintiff had said slave arrested on board said boat, in endeavoring to escape, said slave fell or jumped overboard, and was drowned."

This drowning was not caused by the hiring of the slave, but, in the words of the petition, by "his attempting to escape when arrested." It was caused entirely and immediately,

*First.* By the unskillful manner in which the master attempted to arrest the slave.

*Second.* By the physical force of the slave overcoming that of his captors.

*Third.* By the evil disposition of the slave, which prompted him to risk his life rather than be arrested. For none of these acts are the defendants responsible.

4. The captain (Wright) being utterly unable, from the nature of his situation, to hire, personally, every man to be hired on a coasting boat, charged his mate to procure firemen, and in doing so, cautioned him "not to hire any slaves, unless they produced satisfactory proofs of the consent of their masters." This is the only connexion he had with the act which it is alleged caused the damage. Can he be rendered liable for this?

5. The slave was a runaway, as is proved, and was arrested *where* he was hired, by his master, in an unskillful manner. "That want of skill, connected with the physical force and bad disposition of the slave, caused the loss" which it is now attempted to be inflicted on the owners, through the acts of the master.

*Martin, J.*, delivered the opinion of the court.

The plaintiff claims the value of a slave, employed as a hand on board the steam-boat Chesapeake, by the defendants, (without his authority or consent,) and who was drowned by jumping or falling overboard. This case was before this court last year, and remanded for a new trial. See 8 *Louisiana Reports,* 537.

After the cause was remanded, and before the second trial, the plaintiff amended his petition, by the addition of an averment, that the defendants, by due diligence, might have prevented the slave being employed as a hand. The parties went to trial on this additional allegation to the former cause of action. There was a second verdict and judgment for the plaintiff, and the defendants appealed.

The fact of the slave being employed as a hand on board the steam-boat, was fully proved. It further appears, that the plaintiff, on hearing his slave was on board, went there with the intention of arresting him, and in the attempt, the boy, in endeavoring to effect his escape, fell overboard and was drowned.

The defendants' counsel urged with some earnestness, in the argument of the case, that the hiring and employment of the slave, was not the immediate cause of the drowning; but that it was occasioned immediately by the pursuit of the master.

The plaintiff on the other hand, produced evidence, which shows clearly the want of due diligence in the owners of the steam-boat, in suffering the slave in question to be engaged for several days, in unloading and loading her in the city of New-Orleans, where they resided. This they could have prevented and did not.

The plaintiff has had two verdicts in his favor. His slave absconded, and went on board the steam-boat in an illegal and improper manner. He was illegally and without authority hired by the master, of which fact the jury seem to have believed the owners had notice. It does not appear that they made any inquiry, whether he was employed on board with or without the knowledge and consent of the

EASTERN DIST.
*March,* 1836.

STRAWBRIDGE
*vs.*
TURNER ET AL.

Where the owners of a steam-boat suffered a slave to be employed as a hand on board, by the captain, without the authority and consent of his owner, and he was accidentally drowned : *Held,* that the owners of the boat were responsible and liable to pay his value; because by using due diligence, they might have prevented the illegal employment of the slave, but did not.

EASTERN DIST. plaintiff, his master.    The verdict must therefore stand, and
*March,* 1836. remain undisturbed.

BONILLA,
SYNDIC, ETC.
*vs,*            It is, therefore, ordered, adjudged and decreed, that the
MERLE ET AL. judgment of the Parish Court be affirmed, with costs.